IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MLM, A MINOR, BY AND THROUGH ) <br> HER MOTHER AND NEXT FRIEND ) <br> HEATHER MILLARD, and ) <br> EJ AND HEATHER MILLARD, ) <br> INDIVIDUALLY, ) <br> 8605 Spring Valley Road ) <br> Raytown, Missouri  64130 ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> SALINA REGIONAL HEALTH ) <br> CENTER, INC. ) <br> A Kansas Corporation ) <br> 400 South Santa Fe Avenue ) <br> Salina, Kansas   67401 ) <br> ) <br> and ) <br> ) <br> LISA GARD, MD ) <br> 2301 House Avenue ) <br> Cheyenne, Wyoming  82001 ) <br> ) <br> **Defendants.** ) <br> ) | Case No. 06-2411 JWL |

## COMPLAINT

COME NOW Plaintiffs, by and through counsel, and hereby allege and state as follows:

### PARTIES

1. Plaintiff "MLM" is a minor female, having been born on March 4, 1997.  "MLM" are the initials of said minor plaintiff and are being used to identify her for purposes of the pleadings to be filed with the Court in this matter pursuant to United States District Court for the District of Kansas Rule 5.4.14.

2. Plaintiffs EJ Millard and Heather Millard are the natural parents and guardians of the minor plaintiff MLM.

3. Plaintiffs EJ Millard, Heather Millard, and MLM are currently residents of the State of Missouri with their residence located at 8605 Spring Valley Road, Raytown, Missouri 64138.

4. At the time of the incident giving rise to this complaint, plaintiffs were residents of the State of Washington.

5. Plaintiff Heather Millard is serving as MLM's next friend for purposes of this action pursuant to Federal Rule of Civil Procedure 17(c).

6. Defendant Salina Regional Health Center, Inc., hereinafter referred to as "defendant SRHC", is a Kansas corporation which owns, operates and does business as a hospital known as Salina Regional Health Center located at 400 South Santa Fe, Salina, Kansas 67401.

7. Defendant Lisa Gard, MD, hereinafter referred to as "defendant Gard", is an individual who currently resides in the State of Wyoming and who previously engaged in the practice of medicine in the State of Kansas.  She had a doctor/patient relationship with MLM.

8. Defendant SHRC is a health care facility that is engaged in the business of providing a variety of types of hospital care to the community at large in central Kansas.

9. These services provided by the doctors, nurses, aides, agents, servants, employees, and/or apparent agents of Defendant SHRC are the subject of this lawsuit.

10. Defendant SHRC is vicariously liable for the actions and inactions of all of the doctors, nurses, aides, agents, servants, employees, or apparent agents during their medical treatment MLM.

11. Since the amount in controversy exceeds $75,000 and there is diversity between the parties, jurisdiction is proper in this Court pursuant to 28 USC 1332.

12. Venue is proper with this Court pursuant to 28 USC 1391(2).

13. Notice of the filing of this cause of action has been given to the Board of Governors of the Kansas Healthcare Stabilization Fund.

## GENERAL ALLEGATIONS

14. Plaintiffs incorporate paragraphs 1-13 of their Complaint by reference.

15. On February 5, 2006, MLM presented to SHRC with complaints of severe neck and arm pain.

16. The nursing staff of defendant SHRC performed an assessment of her and presented her complaints to the defendant Gard.

17. Defendant Gard observed MLM and made the diagnosis of strep throat. Defendant Gard prescribed medication to the MLM for strep throat and pain and sent her home.

18. After awaking the next morning, MLM developed progressive weakness.

19. Plaintiff EJ Millard contacted the nursing staff of defendant SHRC by telephone during the day of February 6, 2006 to inform them of his daughter's condition and he was advised not to bring her back to the emergency room.

20. After a few more hours during which MLM become paralyzed, plaintiff EJ Millard took MLM back to the SHRC emergency room where she was seen and the decision was made to fly her via helicopter to Children's Mercy Hospital in Kansas City, Missouri.

21. Plaintiff MLM was diagnosed at Children's Mercy Hospital as suffering from a spinal arteriovenous malformation that had resulted in bleeding and edema in her spinal cord.

22.     As a direct result of the defendants' timely diagnosis and treatment, Plaintiff MLM has endured significant pain, suffering and mental anguish and remains almost completely paralyzed from the shoulders down.

23.     As a direct result of the defendants' timely diagnosis and treatment, Plaintiff MLM's  paralysis that has resulted as a consequence of the bleeding and edema in her spinal cord is most likely permanent and will require ongoing medical care for the remainder of her natural life.

## COUNT I
## NEGLIGENCE OF DEFENDANT SHRC

24.     Plaintiffs incorporate paragraphs 1 through 23 of their Complaint by reference.

25.     Defendant SHRC, individually and by and through its doctors, nurses, aides, agents, servants, employees, or apparent agents, was negligent and deviated from the appropriate standard of care in the care and treatment of MM when they:

   a.   Failed to properly assess her deteriorating condition on February 5, 2006;

   b.   Failed to properly and accurately communicate her symptoms, history, and complaints to defendant Gard so that the appropriate evaluation would be made;

   c.   Failed to have appropriate policies and procedures in place for the assessment and diagnosis of minors with neurological symptoms;

   d.   Advised plaintiffs not to return to the hospital on February 6, 2006 despite her deteriorating condition;

26.      As a direct and proximate result of the aforesaid negligence of Defendant SHRC and its doctors, nurses, aides, agents, servants, employees or apparent agents, MLM's bleeding and edema in her spinal cord went undiagnosed and untreated for an extended period of time.

27. The failure to timely diagnose and treat MLM directly resulted in catastrophic injury to MLM and has resulted in significant past medical expenses, pain, suffering, mental anguish and disability, for which plaintiffs are entitled to recover.

28. The failure to timely diagnose and treat MLM directly resulted in catastrophic injury to MLM which will require ongoing medical treatment and expenses for the remainder of MLM's natural life, will result in permanent pain, suffering, mental anguish and disability, and will eliminate her ability to be gainfully employed for the remainder of her life, for which plaintiffs are entitled to recover.

WHEREFORE, Plaintiffs pray for judgment against Defendant SHRC in amount in excess of $75,000.00 and for such other relief as the Court deems just and proper.

## COUNT II
## NEGLIGENCE OF DEFENDANT GARD MD

29. Plaintiffs incorporate Paragraphs 1 through 28 of their Complaint by reference.

30. Defendant Gard was negligent and deviated from the appropriate standard of care in her care and treatment of MM when she:

    a. Failed to timely and properly diagnose her condition;

    b. Failed to properly evaluate and assess her;

    c. Failed to order the appropriate diagnostic tests;

    d. Failed to obtain the appropriate physician consultations;

    e. Failed to transfer her to Children's Mercy Hospital;

31. As a direct and proximate result of the aforesaid negligence of defendant Gard, MLM's bleeding and edema in her spinal cord went undiagnosed and untreated for an extended period of time.

5

32. The failure to timely diagnose and treat MM directly resulted in catastrophic injury to MM and has resulted in significant past medical expenses, pain, suffering, mental anguish and disability, for which plaintiffs are entitled to recover.

33. The failure to timely diagnose and treat MLM directly resulted in catastrophic injury to MLM which will require ongoing medical treatment and expenses for the remainder of MLM's natural life, will result in permanent pain, suffering, mental anguish and disability, and will eliminate her ability to be gainfully employed for the remainder of her life, for which plaintiffs are entitled to recover.

WHEREFORE, Plaintiffs pray for judgment against defendant Gard in amount in excess of $75,000.00 and for such other relief as the Court deems just and proper.

### COUNT III
### CLAIM FOR MEDICAL EXPENSES BY PLAINTIFFS
### EJ AND HEATHER MILLARD

34. Plaintiff incorporates Paragraphs 1 through 33 of their Complaint by reference.

35. As the natural parents and guardians of the minor plaintiff MM, plaintiffs EJ and Heather Millard are liable for medical and other expenses that she has incurred as a result of her injury which is the subject of this cause of action.

36. Plaintiffs EJ and Heather Millard are therefore entitled to recover from defendants the amount of those expenses.

WHEREFORE, Plaintiffs pray for judgment against Defendants in amount in excess of $75,000.00 and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

          Respectfully submitted,

          By:   s/Derek Potts
              Derek Potts, Esq     KS #18033
              Timothy L. Sifers, Esq.   KS #19922
              The Potts Law Firm, LLC
              715 May Street, Suite 100
              Kansas City, Missouri 64105
              (816) 931-2230 Telephone
              (816) 931-7030 Facsimile
              Email: dpotts@potts-law.com
              ATTORNEYS FOR PLAINTIFFS