IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE MIDWEST TRUST COMPANY
OF MISSOURI, Conservator of MLM,
a minor

                 *Plaintiff,*

vs.

                 Case No. 06-2411-EFM

LISA GARD, M.D.,

                 *Defendant.*

## MEMORANDUM AND ORDER

Defendant filed an appeal of a modified jury verdict awarding Plaintiff $12,050,000, and sought a stay of execution pending disposition of her Motion for New Trial. The Court granted a limited stay[1], which dissolved upon the denial of Defendant's motion. Defendant now seeks a Stay of Execution of Judgment Upon Appeal Without Further Supersedeas Bond (Doc. 256). Because the Court lacks a sufficient evidentiary basis to grant Defendant's motion, it is denied, without prejudice.

Fed. R. Civ. P. 62(d) provides that an appellant may obtain a stay of execution when an appeal is taken by supersedeas bond. The provision is clearly optional. For instance, in the extreme, an appellant need not post a supersedeas bond if it is not seeking a stay. Moreover, while a stay may

---

[1]The Kansas Health Care Stabilization Fund posted a bond for $800,000 representing its statutory exposure.

be obtained under the Rule by a supersedeas bond, the Rule does not limit the availability of stay to those circumstances involving a supersedeas bond. A stay may be granted without a supersedeas bond for the full amount of judgment.[2] "[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution . . . ."[3] If, as of the date of judgment, plaintiff/appellee would arguably have the ability to collect the full amount of the judgment from defendant/appellant, plaintiff/appellee's collection ability should not be prejudiced by the delay occasioned by a stay during an appeal, during which time the assets available to satisfy the judgment may be dissipated. However, upon a showing that plaintiff would be unable to collect the full amount of judgment as of that time, plaintiff's rights under Rule 62 are not necessary violated by a stay upon a supersedeas bond in an amount less than the entire judgment.

In *Paynter,*[4] the Tenth Circuit affirmed a district court order granting plaintiff's motion to stay execution of judgment during appeal, upon the conditions that the full amount of the available insurance be paid into an interest-bearing escrow account, that plaintiffs be entitled to proceed with discovery pursuant to Fed. R. Civ. P. 69 to determine what assets may be possibly affected by the stay, and that defendant be enjoined from transferring assets.

This Court has approved a stay of execution without requiring a supersedeas bond in the full amount of judgment.[5] Often, considerations governing the Court's discretionary authority to waive

---

[2]*Miami Intern. Realty Co. v. Paynter* 807 F.2d 871, 874 (10th Cir. 1986).

[3]*Id.* at 873.

[4]*Id.*

[5]*Dutton v. Johnson County Bd. of County Com'rs*, 884 F.Supp. 431 (D. Kan. 1995) (Defendant not required to post supersedeas bond because "Court takes judicial notice that Johnson County is one of the most affluent counties in Kansas and has the financial wherewithal to pay the judgment. . . . Defendant has shown that Johnson County maintains a fund sufficient to cover any judgment in this case which simplifies the process of collecting on the judgment . . . ."); *Metz v. U.S.*, 130 F.R.D. 458 (D. Kan. 1990) (judgment order foreclosing real property stayed

bond are evaluated under the criteria set forth in *Dillon v. City of Chicago*.[6]  Those criteria are: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.[7]

Defendant notes that a bond in the amount of $800,000 has been posted by the Kansas Health Care Stabilization Fund, and references her affidavit affirming that she has no other insurance and that she is financially unable to obtain a supersedeas bond in the full amount of the judgment. Accordingly, and in reliance on *Paynter*, Defendant requests a stay of execution without the requirement of submitting a supersedeas bond beyond the $800,000 one already made.  Although her affidavit is rather conclusory, the Court is willing to accept that Defendant may be unable to post a supersedeas bond in the full amount of judgment.  However, that does not relieve her from the requirement to post a bond in any amount (reflecting her personal exposure in excess of the bond

---

in light of lien upon house and upon a supersedeas bond in an amount approximately equal to costs of appeal and rental value of property during appeal, and requirement that ad valorem taxes and casualty insurance be paid during the appeal);  *Harris Mkt. Research, Inc. v. Marshall Mktg. & Commc'ns, Inc.*, 1990 WL 133484 (D. Kan. 1990) (where defendant verified that it lacked sufficient resources to post a supersedeas bond in full amount, Court approved stay of execution upon proposed alternate method of securing the judgment by posting one-sixth of the amount of judgment into an escrow account immediately and adding $5000 to that account on a monthly basis); *O'Connor v. Midwest Pipe Fabricators Inc.*, 1990 WL 11065 (D. Kan. 1990) (in light of argument that "they do not have the money," Court reduces amount of required bond from $150,000 to $100,000, but denies request to reduce to $23,194.35); *In re Olson*, 1990 WL 5725 (D. Kan. 1990) (stay of execution allowed without necessity of filing supersedeas bond in light of financial condition of Olsons, but they are directed not to sell, transfer convey, encumber, pledge or dissipate their assets).

[6]866 F.2d 902, 904 (7th Cir. 1988).

[7]*Id*.  *See, Dutton* at 435 (reciting and considering the factors).

posted by the Kansas Health Care Stabilization Fund) in order to obtain an order staying execution.[8] In *Paynter*, the defendant not only posted a bond in the full amount of the available insurance coverage, and agreed to an injunction regarding the dissipation of his assets, as Defendant has done here, but he also submitted to Rule 69[9] discovery regarding his assets.  Plaintiff also seeks Rule 69 discovery here, but Defendant asks that it be denied.[10]  As a result, we are without knowledge as to the amount, if any, for which Defendant could reasonably be asked to post a supersedeas bond, other than that it is somewhere south of twelve million dollars.

In consideration of the *Dillon* factors, and the policy reasons for requiring a supersedeas bond, the Court is not persuaded that Defendant has met her burden of demonstrating that she is entitled to a stay of execution without any additional supersedeas bond from her in any amount.  Her financial status may merit a bond in some amount, and if so, then Plaintiff would be entitled to that security; or it may not, in which case Plaintiff would already have all the security to which it is entitled (i.e., its ability to collect on the judgment would not be further diminished or impaired from what it already is by the lapse of time required for the appeal).  On this record, we don't know. Therefore, Defendant's request must be denied.

The Court will not accept Plaintiff's invitation to order Defendant to submit to Rule 69 discovery at this stage.  Defendant may take the position in the extreme that she will elect to forego such discovery and not seek a stay of execution.  However, if Defendant renews her motion for a

---

[8]*See American Bank &Trust Co. v. Bond Intern. Ltd.*, 2007 WL 1187997 (N.D. Okla. 2007) citing *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154 (2nd Cir. 1986) ("Accordingly, when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors."))

[9]Fed. R. Civ. P. 69.

[10]Defendant's Reply, Doc. 265, at 5.

stay of execution (which she is permitted to do), she must do more to satisfy her burden of demonstrating the amount, if any, of a supersedeas bond she could be required to make.  If not by Rule 69 discovery, as she currently objects to, then she must propose a reasonable alternative.  It is inadequate to simply demonstrate that she cannot post a supersedeas bond in the full amount.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Stay of Execution  of Judgment Upon Appeal Without Further Supersedeas Bond (Doc. 256) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 14th day of July, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE